IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL GLENN MOTT, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | 1:16-CV-823-RP |
| | § | |
| WILLIE EDWARD KELLAR, JOSEPH G. TUCK, AND TUCK & KIZER, PLLC, | § § § | |
| | § | |
| Appellees. | § | |

**ORDER**

Before the Court is Appellant Michael Glenn Mott's ("Mr. Mott" or "Appellant") appeal of the bankruptcy court's orders Dismissing Adversary Proceeding Without Prejudice and Denying Application to Reopen Bankruptcy Case. For the reasons stated below, the decision of the bankruptcy court is **AFFIRMED**.

**I. Appeal of Order Dismissing Adversary Proceeding Without Prejudice**

Rule 8001(a) and Rule 8002(a) of the Federal Rules of Bankruptcy Procedure require that a notice of appeal be filed within 14 days after entry of the judgment or order appealed from. The bankruptcy court entered its Order Dismissing Adversary Proceeding Without Prejudice on April 26, 2016. (Dkt. 1-1 at 4; Dkt. 6 at 7). Mr. Mott did not file his Notice of Appeal with the Bankruptcy Court until May 31, 2016. (Dkt. 1-1 at 1). Because Mr. Mott failed to meet the timeline established in Rule 8002 and because that time limit is jurisdictional, this Court does not have jurisdiction over Mr. Mott's appeal of the Order Dismissing Adversary Proceeding. *See In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013) ("[T]he failure to file a timely notice of appeal in the district court leaves the district court . . . without jurisdiction to hear the appeal.")

1

## II. Appeal of Order Denying Application to Reopen Bankruptcy Case

Mr. Mott's second ground for appeal concerns whether the bankruptcy court properly denied his Motion to Reopen Bankruptcy Case. This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158 because the bankruptcy court's order denying Mr. Mott's application to reopen his bankruptcy case qualifies as a "final order" from which the district court can hear an appeal.[1] *See, e.g., England v. FDIC*, 975 F.2d 1168, 1171 (5th Cir. 1992).

This Court applies the same general standard of review that the Fifth Circuit applies in reviewing a bankruptcy court's findings of fact and conclusions of law. *In re SI Restructuring, Inc.*, 542 F.3d 131, 134 (5th Cir. 2008). Under this standard, "[t]he decision to reopen a bankruptcy case . . . is committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion." *Matter of Faden*, 96 F.3d 792, 796 (5th Cir. 1996).

Section 350(b) or the Bankruptcy Code allows a bankruptcy court, in its discretion, to reopen a closed bankruptcy case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b); *see In re Case*, 937 F. 2d 1014, 1017 (5th Cir. 1991). In the instant case, the bankruptcy court found that Mr. Mott "ha[d] not shown good cause" because, among other reasons, Mr. Mott's bankruptcy case had been closed for over three years at the time he filed the motion to reopen. (Order Denying App. Reopen, Dkt. 1-1 at 9.) As the bankruptcy court correctly noted, the longer the time between the closing of a bankruptcy case and a motion to reopen, the more compelling the reason must be to reopen a bankruptcy case. *See In re Case*, 937 F. 2d at 1017. Moreover, it remains unclear whether the bankruptcy court would even have jurisdiction over Appellant's proposed Complaint. (*See* Order Dismissing Adversary Proceeding, Dkt. 1-1 at 5). As

---

[1] Rule 8002(a) does not deprive this Court of jurisdiction over Mr. Mott's appeal of the Order Denying Application to Reopen Bankruptcy Case, as his notice of appeal was filed thirteen days after the entry of that order. (Dkt. 1; Dkt. 1-1 at 8; Dkt. 6 at 7).

such, this Court finds that the bankruptcy court did not abuse its discretion in denying appellant's Motion to Reopen Bankruptcy Case.

### III. Conclusion

As detailed above, this Court does not have jurisdiction over Appellant's Appeal of Order Dismissing Adversary Proceeding Without Prejudice; that claim is hereby **DISMISSED**. With respect to Mr. Mott's Application to Reopen Bankruptcy Case, the Court hereby **AFFIRMS** the bankruptcy court's order denying that relief.

**IT IS FINALLY ORDERED** that this case is hereby **CLOSED**.

**SIGNED** on January 23, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE